Mr. George W. Baldwin General Counsel, Village of North Palm Beach Law Offices of Brant and Baldwin 330 Federal Highway Lake Park, Florida 33403
Dear Mr. Baldwin:
As general counsel for the Village of North Palm Beach you have asked for my opinion on substantially the following question:
Pursuant to section 171.0413(5), Florida Statutes, are privately owned rights-of-way, water bodies, and condominiums to be considered in the calculation of ownership of land by non-registered elector owners?
According to your letter, the Village of North Palm Beach is considering involuntary annexation of areas contiguous to its borders under section171.0413, Florida Statutes. The village has had its planning consultant make a study of the proposed area, and the consultant advises that more than 70 percent of the land might be owned by individuals, corporations or legal entities that are not registered electors, depending on whether privately owned rights-of-way, water bodies and condominium units owned by non-registered electors are included in the calculation.
Chapter 171, Florida Statutes, is the "Municipal Annexation or Contraction Act."[1] Among the purposes of the act are to establish uniform procedures for adjusting municipal boundaries through annexation or contraction of corporate limits and to set forth criteria for determining when annexation or contraction is appropriate.[2] To accomplish these goals, the act provides general law standards and procedures for adjusting the boundaries of Florida municipalities and acts as a preemption to the state regarding legislation in this area.[3]
Section 171.0413, Florida Statutes, provides that a municipality may annex contiguous, compact, unincorporated territory by using the procedures described in the statute. The statute requires the governing body of a municipality to adopt a nonemergency ordinance proposing the annexation of the territory.[4] The ordinance does not become effective, however, until at least 10 days after it has been approved by a majority of the registered electors in the area proposed to be annexed.[5] If a majority of the electors in the area to be annexed vote against annexation, the ordinance has no legal efficacy, and the area may not be the subject of another annexation attempt for at least 2 years.[6]
Subsection (5) of section 171.0413, Florida Statutes, provides that:
"If more than 70 percent of the land in an area proposed to be annexed is owned by individuals, corporations, or legal entities which are not registered electors of such area, such area shall not be annexed unless the owners of more than 50 percent of the land in such area consent to such annexation. Such consent shall be obtained by the parties proposing the annexation prior to the referendum to be held on the annexation."
Thus, annexation pursuant to section 171.0413(5), Florida Statutes, requires the satisfaction of several prerequisites that must be met independently: 1) more than 70 percent of the land to be annexed must be owned by non-registered elector owners and, if this threshold is met, then 2) the owners of more than 50 percent of the land in the area must consent to annexation before any referendum on annexation may be held.
Rights-of-way
You ask whether private rights-of-way owned by other than registered electors must be included in the calculations under section 171.0413(5), Florida Statutes, as land owned by individuals, corporations, or legal entities that are not registered electors of the area. While you have not indicated what you consider to be a right-of-way, that term is variously defined in the statutes and elsewhere, and rules of statutory construction recognize that a common understanding of the word may be relied upon when the statute does not provide a specific definition.[7]
Section 177.031(16), Florida Statutes, dealing with land boundaries, defines the term "right-of-way" to mean "land dedicated, deeded, used, or to be used for a street, alley, walkway, boulevard, drainage facility, access for ingress and egress, or other purpose by the public, certain designated individuals or governing bodies"[8] A "right of way" as defined in a commonly used legal dictionary is:
"The right of passage or of way is a servitude imposed by law or by convention, and by virtue of which one has a right to pass on foot, or horseback, or in a vehicle, to drive beasts of burden or carts, through the estate of another. When this servitude results from the law, the exercise of it is confined to the wants of the person who has it. When it is the result of a contract, its extent and the mode of using it is regulated by the contract."[9]
The common dictionary definition of "right of way" is "a legal right of passage over another person's ground"[10] or "[t]he path or thoroughfare on which such passage is made[;]" or "[t]he strip of land over which facilities such as highways, railroads, or power lines are built."[11]
From these sources, it is my understanding that a "right-of-way" is privately owned property over which the public may have a right to pass or travel. Because this land is privately owned it would appear that this land must be included in calculations for purposes of section 171.0413(5), Florida Statutes, to determine whether 70 percent of the land to be annexed is owned by individuals, corporations, or legal entities that are not registered electors of the area.
As you have noted, this office issued Attorney General Opinion 96-74 to you on a related topic. In that opinion you asked, and this office considered, whether public roadways should be included when determining the ownership of land for purposes of municipal annexation pursuant to section 171.0413(5), Florida Statutes. The opinion analyzed your question in light of the ownership of public roadways and concluded that the Village of North Palm Beach could not include publicly owned roadways or easements in the calculation of land ownership pursuant to section171.0413(5). The conclusion was based on consideration of the general rule that "[s]tatutory provisions which are written in such general language as to make them reasonably susceptible to being construed as applicable alike both to the government and to private parties are subject to a presumptive rule of construction which exempts the government from their operation in the absence of other particular indicia supporting a contrary result in particular instances."[12] However, in contrast to your earlier question, the rights-of-way involved in this opinion request are privately owned rather than public. Therefore, it is my opinion that these rights-of-way must be considered in the calculations of land ownership pursuant to section 171.0413(5), Florida Statutes.
Water bodies
According to your letter, the water bodies concerned are located within a subdivision that is proposed to be annexed and are privately owned by persons who are not registered electors.
In Florida, small nonnavigable inland lakes and ponds are susceptible of, or subject to, private ownership.[13] Such water bodies under private ownership may be conveyed, leased, or protected like any other item of realty.[14]
In light of the nature of these water bodies as privately owned real property, they should be treated for annexation purposes in the same fashion as other real property. That is, this property should be included within the calculations pursuant to section 171.0413(5), Florida Statutes, as real property within the proposed annexation area that may be owned by individuals, corporations, or other legal entities that are not registered electors.
Condominiums
According to your letter, the condominium associations involved in this question generally own the land upon which their condominiums are located, while individual unit owners own the units themselves. Some of these owners may be registered electors and others may be non-registered elector owners.
As this office observed in Attorney General Opinion 87-54, section718.106(1), Florida Statutes, provides that "[a] condominium parcel created by the declaration is a separate parcel of real property . . . ." This statutory declaration has the effect of making all owners of units in a condominium the owners of separate parcels of real property. Thus, in the earlier opinion it was concluded that a statute requiring that a petition for voluntary annexation bear the signatures of all owners of property in the area proposed to be annexed required that such a petition contain the signatures of all owners of units in a condominium. It had been questioned whether a petition signed only by an authorized officer or officers of the condominium would comply with the procedural requirements of section 171.044(2), Florida Statutes.
Likewise, in this instance, all owners of units in a condominium own separate parcels of real property. Thus, each non-registered elector owner's property must be considered in calculating the requirement regarding more than 70 percent of land owned by non-registered electors; then "the owners of more than 50 percent of the land in such area [must] consent to such annexation."[15]
Finally, you have asked "what are the circumstances under which a residential condominium can be included in the area represented by registered electors (i.e., 30 percent)." In the event that more than 30 percent of the land in an area being considered for annexation is owned by individuals, corporations, or legal entities that are registered electors of the area, the area would not qualify for annexation under the provisions of section 171.0413(5), Florida Statutes. Section 171.0413(5) specifically requires that more than 70 percent of the land to be annexed must be owned by those who are not registered electors in order to utilize the procedures set forth in this subsection.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See s. 171.011, Fla. Stat., providing the short title for the chapter.
[2] Section 171.021, Fla. Stat.
[3] See s. 171.022(2), Fla. Stat., stating that the provisions of any special act or municipal charter relating to the adjusting of municipal boundaries in effect on October 1, 1974 (the effective date of Chapter 171, Florida Statutes), are repealed except as provided in Chapter 171. Andsee Art. VIII, s. 2(c), Fla. Const. (municipal annexation of unincorporated territory, merger of municipalities, and exercise of extraterritorial powers by municipalities shall be as provided by general or special law); and s. 166.021, Fla. Stat., stating that municipalities have home rule powers except, among others, on the subjects of annexation, merger, and the exercise of extraterritorial power which require a general law or special law.
[4] Section 171.0413(1), Fla. Stat.
[5] Id.
[6] Section 171.0413(2)(e), Fla. Stat.
[7] See Sieniarecki v. State, 756 So.2d 68 (Fla. 2000) (in absence of a statutory definition, words of common usage are construed in their plain and ordinary sense and, if necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary); Rollins v.Pizzarelli, 761 So.2d 294 (Fla. 2000).
[8] See also, s. 316.003(40), Fla. Stat., defining "right-of-way" for purposes of traffic control, and s. 334.03(22), Fla. Stat., defining "right-of-way" for transportation administration purposes.
[9] Black's Law Dictionary 1489 (rev. 4th ed.).
[10] Webster's New Collegiate Dictionary 998 (1975).
[11] American Heritage Dictionary 593 (office edition).
[12] 3 Sutherland Statutory Construction s. 62.01 (4th Ed. 1974). Andsee generally, 82 C.J.S. Statutes s. 137.
[13] 56 Fla. Jur.2d Water s. 57.
[14] Id.
[15] Section 171.0413(5), Fla. Stat.